## A91A1769. BULLOCK v. THE STATE.
(413 SE2d 219)

SOGNIER, Chief Judge.

Anthony Bullock was convicted by a jury of two counts of aggravated sodomy and one count of child molestation, and he appeals

from the judgment and sentence entered thereon.

1. In his first enumeration of error, appellant contends the trial court erred by failing to instruct the jurors that in determining credibility, they should consider the fact that two of the State's witnesses were children of tender years.

We find no error. Although the trial judge later indicated he did not recall, the transcript does reveal that during the testimony of a law enforcement officer regarding a videotape made of the statement of the child victim, appellant's counsel made a verbal request that the court instruct the jury "on the charge that this testimony is being given by a child of tender years, at the appropriate time," and the trial court responded "[a]ll right." However, appellant thereafter made no written request for this charge. Although Uniform Superior Court Rule 10.3, which requires that all requests to charge be submitted in writing at the commencement of trial, includes an exception for "additional requests to cover unanticipated points which arise thereafter," it does not provide that such requests may be oral. Moreover, the fact that testimony would be given by children of tender years was not such an unanticipated matter as contemplated by the exception given that appellant was aware that the victim was nine years old. There is no indication in the record that appellant reminded the trial court about its willingness to give the charge, and we will not place the burden on the trial court to remember the oral request. " '[T]his court has held that where there has been no written request to charge, failure to give the charge is not error. (Cits.)' [Cits.]" *Lamb v. State*, 196 Ga. App. 665, 667 (3) (396 SE2d 497) (1990). " 'If the defense counsel had been misled as to the intended charge his remedy was to request to reargue the facts in the light of the charge given.' [Cit.]" *Fair v. State*, 172 Ga. App. 49, 50 (1) (321 SE2d 790) (1984). The transcript reveals no such request to reargue. Accordingly, we find no error in the trial court's failure to give the charge. See generally *Lamb*, supra.

2. After charging the jury on the general definition of sodomy, the trial court defined the crime of aggravated sodomy as the commission of sodomy "with force and against the will of the other person." The trial court then instructed the jury that "an act of sodomy perpetrated upon a child who has not attained the age of thirteen years constitutes aggravated sodomy, because the act done to a child of that age is automatically done with force and against the child's will." Appellant maintains the trial court erred in so instructing the jury, apparently on the theory that use of the word "automatically" could have led the jury to believe that a lesser standard of proof was required. We do not agree. In *Richardson v. State*, 256 Ga. 746, 747 (2) (353 SE2d 342) (1987), the Supreme Court held that "[s]exual acts directed to children are, in law, forcible and against the will. [Cit.]"

"It thus appears that the Supreme Court is of the opinion that an act of sodomy perpetrated upon a child who has not attained the age of 13 constitutes aggravated sodomy because the act done to a child of that age is *automatically* done with force and against the child's will." (Emphasis supplied.) *Huggins v. State*, 192 Ga. App. 820, 821 (1) (386 SE2d 703) (1989). Given the holdings of both the Supreme Court and this court, we find no error in the trial court's instruction to the jury.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 13, 1991 —
RECONSIDERATION DENIED NOVEMBER 26, 1991.

*Bruce & Hentz, William D. Hentz*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Michael R. McCarthy, Assistant District Attorney*, for appellee.