## A94A2613. GENTRY v. THE STATE.

(450 SE2d 304)

McMurray, Presiding Judge.

Defendant Gentry appeals his conviction of two counts of child molestation. *Held:*

1. Defendant contends that there was no evidence from which any rational trier of fact could have found proof of guilt beyond a reasonable doubt as to one of the offenses (Count 1). The State presented the testimony of this victim's mother that on the date in question she had left the victim, who was then four years old, the victim's older brother, and a babysitter, at defendant's home to go swimming. The mother testified that she picked them up later and that on the drive home, the victim told her that she had played "with Pe Pa's ding dong. . . ." "Pe Pa" was the name the victim used for the defendant. The mother also testified that "ding dong" was not a term used around their home and that when she asked the victim where this was at, "she pointed between her legs."

A videotape of an interview with the victim was introduced into evidence without objection. In the videotape, the victim at first denies touching defendant's "ding dong" and after some discussion states that she touched it just once. Inquiries were also made on the videotape directed towards ascertaining where or what was the "ding dong," and we may be stating the obvious in noting that ample evidence was developed which would authorize the trier of fact to determine that the object being discussed was defendant's penis.

At trial, the victim testified but nothing concerning the incident was elicited, the victim nodding or shaking her head but declining to verbally address questions related to the substance of the offense on appeal. The transcript does not indicate that the victim's nodded responses were discernible as negative or positive. Defendant maintains that the victim's trial testimony amounted to a denial that any incident occurred, but even if such is correct, the result is not altered.

Defendant notes the child's denials of any incident at trial, if such was the case, and initially on the videotape. He also relies upon the lack of details, from the child concerning the manner in which the incident occurred, in the mother's testimony, and questions, for several reasons, the reliability of the videotaped statement of the victim. Based on these factors defendant maintains that the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) has not been satisfied by the evidence presented at trial. However, defendant's argument is directed not towards the sufficiency of the evidence but to issues of credibility and weight of the evidence. "The jurors are the judges of credibility and weight of the evidence; they see and hear the witnesses and are better qualified to judge the reasonableness of a hypothesis or a doubt than the appellate court. We

examine not the weight but the sufficiency of the evidence. *Alexander v. State*, 199 Ga. App. 228 (404 SE2d 616)." *Owens v. State*, 213 Ga. App. 693, 694 (5) (445 SE2d 818). See also *Cross v. State*, 213 Ga. App. 275 (444 SE2d 589). As there is evidence that defendant caused the victim to touch his penis with the intent to satisfy his sexual desires, we find that the evidence is sufficient to persuade a rational trier of fact of defendant's guilt beyond a reasonable doubt of this offense. *Jackson v. Virginia*, 443 U. S. 307, supra. See also *Ennis v. State*, 210 Ga. App. 392 (436 SE2d 99).

2. In his second enumeration of error, defendant contends the trial court erred in allowing into evidence certain hearsay testimony and videotapes under OCGA § 24-3-16, as the circumstances of the out-of-court statements did not bear sufficient indicia of reliability. However, this issue was not preserved for appellate review since there was no objection on these grounds to the testimony now challenged or to the admission of the videotaped interviews with the victims of each of the offenses. *Vick v. State*, 194 Ga. App. 616 (1) (391 SE2d 455).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED NOVEMBER 18, 1994.

*Robert W. Lavender,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney,* for appellee.