A99A0164. PATTERSON v. THE STATE.
(514 SE2d 873)

JOHNSON, Chief Judge.

Lee Allen Patterson was found guilty of two counts of aggravated sodomy and one count of child molestation. The victims were his girlfriend's five-year-old and ten-year-old daughters. He appeals from the convictions entered on the jury's verdict and the denial of his motion for new trial.

1. Patterson claims the trial court erred in allowing the state to introduce evidence of the victims' prior consistent statements. Specifically, he argues that the child hearsay statute allows *a statement* made by a child to be admissible, but it does not allow more than one such statement to be introduced. See OCGA § 24-3-16.

In his brief, Patterson claims that his objections to the evidence can be found at pages 118, 204 and 308 of the trial transcript. None of the objections made on those pages was based on the argument asserted in this enumeration. By failing to object at trial on the ground asserted on appeal, Patterson has waived the issue. See *Glover v. State*, 230 Ga. App. 795, 797 (1) (498 SE2d 300) (1998); *Gentry v. State*, 215 Ga. App. 270, 271 (2) (450 SE2d 304) (1994). We point out, however, that our courts have consistently allowed the introduction of more than one statement per case under the child hearsay statute. See, e.g., *Pirkle v. State*, 234 Ga. App. 23 (1) (506 SE2d 186) (1998); *Smith v. State*, 228 Ga. App. 144, 146-147 (3) (491 SE2d 194) (1997); *Kapua v. State*, 228 Ga. App. 193, 194 (1) (491 SE2d 387) (1997).

2. Patterson contends the trial court erred in excluding testimony indicating that A. P. had falsely accused another man, "Sean," of molesting her in the past. Patterson sought to introduce evidence purportedly showing that A. P. initially said that Sean had anal and vaginal intercourse with her, but subsequently told a detective that Sean had only rubbed her leg against his penis as she sat on his lap. Patterson also sought to introduce medical evidence showing that an examination of A. P. shortly after the alleged molestation by Sean was normal with no evidence of genital or anal damage or tearing.

Before admitting evidence that the victim previously made a false allegation about sexual misconduct by another, the trial court must first determine that it is reasonably probable the prior claim was, in fact, false. *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." (Punctuation omitted.) *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312) (1992).

A hearing was conducted outside the presence of the jury regarding the previous allegation. A detective testified that A. P. told her that Sean made her rub her leg against his crotch as she sat on his lap. A. P. told the detective that Sean's penis became erect during the incident and she could feel it through his clothing. A. P.'s mother testified that she remembered the child telling her "something about [Sean] just rubbing her or something," but did not recall the child saying Sean had intercourse with her. The only evidence Patterson proffered to show that A. P. had accused Sean of having intercourse with her was from a Department of Family & Children Services caseworker. The caseworker had difficulty remembering the case, even after using documents to refresh her memory. She testified that she did not recall talking with A. P. about any allegations concerning Sean, but that she *believed*, based on her notes, that A. P.'s mother told her that Sean had intercourse with A. P. At the hearing's conclusion, the trial court stated that if Patterson could show that the child alleged Sean had intercourse with her, the evidence of false allegations would be admissible. The trial court concluded that "[s]o far" Patterson had shown only that the caseworker "may have had a conversation with the child's mother where the mother may have said that [Sean had intercourse with the child]. And that's not enough."[1] We agree.

The caseworker's equivocal testimony as to what the mother

---

[1] At the same time, the trial court ruled that Patterson would be permitted to introduce evidence of previous false allegations made against two other men, if he could produce probative evidence showing that the child specifically alleged intercourse and there was evidence that intercourse did not occur.

may have said does not establish a reasonable probability that the child's allegation that Sean rubbed her leg against his penis is false. The testimony has very limited value since the caseworker did not recall much about the allegation. Nor does the fact that there was no physical evidence of penetration require a finding that A. P.'s prior allegation was false. See generally *Eason v. State*, 215 Ga. App. 614, 615 (1) (451 SE2d 820) (1994). The trial court did not abuse its discretion in determining that there was no probability that the victim falsely accused Sean of sexual misconduct in the past. See *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998); *Gilmer v. State*, 234 Ga. App. 309, 310-311 (2) (506 SE2d 452) (1998).

3. Patterson claims the trial court abused its discretion in allowing the state to play a videotaped interview of A. P. because it did not have the requisite indicia of reliability. Specifically, he complains that the tape was unreliable because the child had been coached, the statement was made more than a month after the first interview, and the statement contained more allegations than her earlier interview.

The record shows that A. P. was interviewed a second time after she saw Patterson's face on a news broadcast and told her foster parent that she had "other things" she wanted to say. In the second interview, the child gave more details about the offenses being investigated. A child psychologist testified that a child is often reluctant to give many details about abuse until she feels safe and will typically only tell a little bit at first, then add details later.

Patterson's claim that A. P. was coached is not supported by any reference to the record. Indeed, a DFACS caseworker testified that the child was not coached and that the child explained that she had been nervous at the first interview and had not thought of everything; some things came to mind afterward. The trial court specifically found that the child did not appear to have been coached. The trial court also found, among other things, that the child was the same age when the second interview was given, the child initiated the second interview to make additional disclosures, the child was talkative, and there was no evidence of threats or promises. The trial court did not abuse its discretion in admitting the evidence. See *Thompson v. State*, 233 Ga. App. 364, 366 (2) (504 SE2d 234) (1998). Any alleged inconsistencies in the child's statements were a matter for the jury's consideration in weighing the evidence, not a matter of admissibility. *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998).

4. Patterson contends the trial court abused its discretion in denying his motion for continuance. He complains that his trial attorneys had less than two and one-half months to prepare for trial and, because they had other cases pending, had insufficient opportu-

nity to investigate the case and prove A. P. previously made false allegations.

> The grant or denial of a motion for continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion. Mere shortness of time for preparation does not in itself show a denial of the rights of the accused. He must also show harmful error.

(Citations and punctuation omitted.) *Robinson v. State*, 202 Ga. App. 576, 577 (2) (a) (415 SE2d 21) (1992). We point out that

> [t]here is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require.

(Citations and punctuation omitted.) *Watkins v. State*, 191 Ga. App. 87, 88-89 (1) (381 SE2d 45) (1989). We note that the Supreme Court has held a two-week preparation period for a malice murder and armed robbery trial is not inadequate as a matter of law. *Roland v. State*, 266 Ga. 545, 546 (3) (468 SE2d 378) (1996). Nor is ten days to prepare for an armed robbery case, or one month for a kidnapping with bodily harm charge inadequate as a matter of law, as this Court has previously held. *Harris v. State*, 202 Ga. App. 618 (1) (414 SE2d 919) (1992); *Green v. State*, 193 Ga. App. 894, 896-897 (3) (389 SE2d 358) (1989).

In denying the motion for continuance, the trial court explained that Patterson was being represented by two criminal defense attorneys, one of whom was a former district attorney with twenty years of trial experience. The trial court added that the attorneys were both skillful and would always be busy and have other cases pending. The trial court pointed out that discovery had been provided to Patterson's counsel and that if, on the eve of trial, someone was sick or could not be located or the attorneys were still trying other cases, the case would be continued.

Furthermore, Patterson has not demonstrated how he was harmed by the denial of his motion for continuance. Although he says he could have proven A. P.'s prior allegations were false, he has not shown how he could have done so. We find no abuse of discretion.

5. Patterson contends the trial court erred in charging the jury on aggravated sodomy when there was no evidence of force. See OCGA § 16-6-2. The element of force was proved by evidence of the

victims' ages. See *Luke v. State*, 222 Ga. App. 203, 206 (1) (474 SE2d 49) (1996). There was no error.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 17, 1999 —

*McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams, Todd M. Johnson*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.