## A98A1672. BREWER v. THE STATE.
### (512 SE2d 30)

ANDREWS, Judge.

David Roy Brewer appeals from the judgment of conviction entered on jury verdicts finding him guilty of aggravated sodomy, aggravated child molestation, and child molestation. In sentencing Brewer, the trial court merged the aggravated child molestation conviction into the aggravated sodomy conviction.

1. The evidence was sufficient to support the jury verdicts. The State presented testimony from the 11-year-old victim, from a Department of Family & Children Services investigator who interviewed the victim, from a police detective who interviewed the victim, and from neighbors who spoke to the victim about the allegations, describing the alleged acts of aggravated sodomy and child molestation. The State also presented evidence of statements given by Brewer to the police admitting that he committed the alleged acts on the victim. Although Brewer testified and denied committing any of the alleged acts, determining the credibility of the witnesses was a task for the jury. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Brewer was guilty of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brewer claims that a jury instruction given by the trial court on the offense of aggravated sodomy improperly relieved the State of its burden to prove the essential element of force.

In instructing the jury on the offense of aggravated sodomy, the

trial court stated that: "[A] person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another. A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person. A child under the age of fourteen years is legally incapable of consenting to sexual contact. In cases of incapacity, such as with a child under the age of fourteen years, the element of force is automatically supplied by the law."

Brewer contends the portion of the instruction stating that the element of force is automatically supplied by law when the victim is a child under the age of 14 years improperly relieved the State of its obligation to prove the element of force. There was no error in the instruction. "[T]he commission of sodomy by an adult on a child could not be simple sodomy, but would always be aggravated sodomy because the 'with force and against the will' element of the crime is automatically supplied by the commission of the crime on a person [under the legal age of consent]." (Citations and punctuation omitted.) *Huggins v. State*, 192 Ga. App. 820, 821 (386 SE2d 703) (1989); *Luke v. State*, 222 Ga. App. 203, 204-206 (474 SE2d 49) (1996). Although the State must prove the element of force to obtain a conviction for forcible rape of a victim under the age of consent, the Supreme Court has distinguished forcible rape from other sexual offenses and made clear that no such proof is required to obtain a conviction for aggravated sodomy against a victim under the age of consent. *State v. Collins*, 270 Ga. 42-45 (508 SE2d 390) (1998); *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987). Accordingly, the instruction correctly informed the jury that the proof presented by the State that the victim was 11 years old at the time of the offense would be sufficient evidence that the act of sodomy was done with force and against the will of the victim.

3. There is no merit to Brewer's claim that the State failed to produce evidence of the essential element of force on the offense of aggravated sodomy. Evidence that the victim was 11 years old at the time of the offense was sufficient proof of force on the offense of aggravated sodomy. *Luke*, 222 Ga. App. at 204-206. Contrary to Brewer's contention, it was not necessary for the State to allege in the language of the indictment charging aggravated sodomy that the victim was under the legal age of consent. See *McFall v. State*, 235 Ga. 105, 106 (218 SE2d 839) (1975), disapproved on other grounds, *Drake v. State*, 239 Ga. 232, 233-234 (236 SE2d 748) (1977).

4. Brewer contends the trial court erred by refusing, upon request, to instruct the jury that sodomy is a lesser included offense of aggravated sodomy.

There was no error because the evidence did not warrant the instruction. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). As

stated in Division 1, supra, the commission of sodomy by Brewer on an 11-year-old victim could not be simple sodomy, but would necessarily be aggravated sodomy because the "with force and against the will" element of aggravated sodomy is automatically supplied by the commission of the crime on a victim under the legal age of consent. *Huggins*, 192 Ga. App. at 821; *Luke*, 222 Ga. App. at 204-206.

5. Brewer contends the trial court erred by failing to merge the aggravated sodomy conviction into the conviction for child molestation because the same act of sodomy used to prove the aggravated sodomy charge was also used to prove one of the alleged acts of child molestation.

We disagree. In the aggravated sodomy charge, Brewer was charged with placing his mouth on and licking the victim's vagina. The child molestation charge alleged, among other acts, that Brewer placed his mouth on and kissed the victim's vaginal area. The charges alleged two separate and distinct acts, and there was evidence to support the jury's guilty verdicts as to both charges. Compare *Wyatt v. State*, 222 Ga. App. 604, 605-606 (475 SE2d 651) (1996).

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1999 —
RECONSIDERATION DENIED FEBRUARY 19, 1999 —

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.