## S99G0864. BREWER v. THE STATE.
(523 SE2d 18)

CARLEY, Justice.

For the alleged commission of a single act of sodomy on his 11-year-old stepdaughter, the grand jury indicted David Roy Brewer on alternative counts of aggravated sodomy and aggravated child moles-

---

tation. A jury returned guilty verdicts on both counts. Merging the aggravated child molestation into the aggravated sodomy, the trial court sentenced Brewer only for the latter offense. On appeal, Brewer challenged his conviction for aggravated sodomy on the ground that there was no evidence that, in addition to being against the will of the victim, the act of sodomy also was forcible. The Court of Appeals affirmed, holding that the commission of sodomy on a victim who is under the legal age of consent is automatically perpetrated "with force and against the will," as required by the aggravated sodomy statute. *Brewer v. State*, 236 Ga. App. 546, 547 (2), 548 (4) (512 SE2d 30) (1999). We granted certiorari to review this holding. We conclude that, under the logic of *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998), force is a separate essential element which the State is required to prove to obtain a conviction for aggravated sodomy against a victim under the age of consent. Therefore, we reverse the judgment of the Court of Appeals and remand the case with direction to instruct the trial court to vacate Brewer's conviction and sentence for that offense and to enter a judgment of conviction and sentence on the jury's verdict finding him guilty of aggravated child molestation.

"A person commits the offense of aggravated sodomy when he or she commits sodomy with force *and* against the will of the other person." (Emphasis supplied.) OCGA § 16-6-2 (a). In the aggravated sodomy case of *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) (1987), this Court concluded that sexual acts directed to a young child "are, in law, forcible and against the will. [Cit.]" Since 1977, however, we have construed the language "forcibly and against her will" in the rape statute, OCGA § 16-6-1 (a) (1), as specifying two separate and distinct elements and, thus, have refused to presume the element of force in forcible rape cases wherein the victims are children. *State v. Collins*, supra at 42-43; *Drake v. State*, 239 Ga. 232, 233 (1) (236 SE2d 748) (1977). Although sexual intercourse is certainly presumed to be against the will where the victim is below the legal age of consent, recognition of an additional presumption of force arising solely from the victim's age in forcible rape cases would effectively eliminate the strict liability crime of statutory rape, in which the age of the victim is the essential factor. *State v. Collins*, supra at 43-44; *Drake v. State*, supra at 235-236 (2). In *State v. Collins*, supra at 44, we distinguished aggravated sodomy and other sex crimes as having no strict liability counterpart similar to statutory rape. This is a reasonable basis for distinguishing most sexual offenses from forcible rape. With regard to aggravated sodomy, however, *Cooper* did not consider the then-recently enacted prohibition on aggravated child molestation, an alternative definition of which is "an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). Therefore, like forcible rape, aggravated sodomy has a strict liability

counterpart in aggravated child molestation, which does not require the use of force, is based solely on the commission of an act of sodomy with an underage victim, and carries a less harsh punishment than does aggravated sodomy. By enacting the aggravated child molestation statute, the General Assembly negated the applicability of a presumption of force in aggravated sodomy cases involving children, since such a presumption would leave the separate crime of aggravated child molestation with no practical purpose.

Furthermore, aggravated sodomy shares many of the unique characteristics of the crime of forcible rape which we set forth in *State v. Collins*, supra at 44, especially since consensual sodomy is no longer a crime in this state. *Powell v. State*, 270 Ga. 327, 336 (3) (510 SE2d 18) (1998). As with rape, only a minimal amount of evidence is necessary to prove that an act of sodomy against a child was forcible. *State v. Collins*, supra at 44-45; *Ingram v. State*, 211 Ga. App. 252, 253 (2) (438 SE2d 708) (1993). Just as in forcible rape cases, establishing a single presumption of force in all aggravated sodomy cases involving underage victims is problematic. *State v. Collins*, supra at 45. Indeed, the General Assembly addressed this problem when, after the decision in *Collins*, it amended the forcible rape statute to require either force or a victim who is less than ten years old. OCGA § 16-6-1 (a) (1) and (2). We leave the propriety of a similar change in the definition of the crime of aggravated sodomy to the wisdom of the legislature.

Accordingly, we overrule *Cooper v. State*, supra, to the extent that it holds that one who commits an act of sodomy against an underage victim is, without more, guilty of aggravated sodomy. The following is a non-exhaustive list of Court of Appeals decisions which we also overrule: *Patterson v. State*, 237 Ga. App. 80, 83 (5) (514 SE2d 873) (1999); *Luke v. State*, 222 Ga. App. 203 (1) (474 SE2d 49) (1996); *Bullock v. State*, 202 Ga. App. 65, 66 (2) (413 SE2d 219) (1991); *Daniel v. State*, 194 Ga. App. 495, 497 (3) (391 SE2d 128) (1990); *Huggins v. State*, 192 Ga. App. 820 (1) (386 SE2d 703) (1989); *Cooper v. State*, 180 Ga. App. 37 (1) (348 SE2d 486) (1986); *Carter v. State*, 122 Ga. App. 21 (1) (176 SE2d 238) (1970).

The term "force" or " 'forcibly' means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation." *State v. Collins*, supra at 43. At trial, the victim repeatedly denied every suggestion of physical force, threats, and intimidation. The testimony recounted by the dissent describes despicable acts which clearly constitute child molestation and aggravated child molestation, but that testimony does not demonstrate force of any kind. The acts of molestation ended when Brewer broke his leg, but the victim became afraid to tell anyone about the abuse even though she believed that it might resume. However, a review of

the record reveals no evidence that the victim was in fear before or during any act of molestation or that any of Brewer's " 'words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others.' " *State v. Collins*, supra at 45. Thus, there was not even minimal evidence that Brewer used any force to commit an act of sodomy against the victim. Therefore, we reverse and remand the case with direction that the Court of Appeals instruct the trial court to vacate Brewer's conviction and sentence for aggravated sodomy and to sentence him instead for the crime of aggravated child molestation, which offense requires no proof of force. After entry of the sentence for aggravated child molestation, Brewer shall have the right to pursue an appeal from his conviction for that offense.

*Judgment reversed and case remanded with direction. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting in part.

Although I reluctantly conclude that the state is now required to prove force in an aggravated sodomy case as a logical extension of our recent decision in *State v. Collins*,[1] I disagree with the majority opinion's unsupported conclusion that there was no evidence of force in this case. Therefore, I dissent.

We have repeatedly stated that "only a minimal amount of evidence" is required to prove the element of force in a rape case involving a child.[2] The same standard should apply in aggravated sodomy cases involving child victims. The defendant's own police statement meets that standard in this case; he told police that he had "pulled [his stepdaughter's] panties down and licked her vaginal area." In addition, the victim told a police detective and a friend that Brewer would take her hand and place it on his penis. Finally, the victim, who is classified as mildly impaired intellectually, testified that she was "kind of afraid" of her stepfather and told others that she had not said anything earlier because she was scared of him and afraid he would try to hurt her and her mother. Her trial testimony denying that her stepfather used force is not decisive, but merely raises a disputed issue of fact for the jury. Because the state presented sufficient evidence for a jury to find that the defendant used force to commit aggravated sodomy against his 11-year-old stepdaughter, the state should have the choice of retrying Brewer on the aggravated sodomy count in addition to having him sentenced on the aggravated child molestation count.

By ignoring that an adult is using force and intimidation when

---

[1] 270 Ga. 42 (508 SE2d 390) (1998).

[2] See, e.g., id. at 44-45.

he pulls downs the underpants of a pre-teen girl, the majority has implicitly rewritten our rule that only a minimal amount of force is required to prove the element of force in sexual assault cases. If I had known at the time that I wrote the decision in *Collins* that we were going to abandon the long-time rule about the degree of force necessary, I would have advocated a different holding in that case. For as Justice Weltner stated in *Cooper*, which we overrule today, "Sexual acts directed to [a five-year-old] child are, in law, forcible and against the will."[3]

DECIDED NOVEMBER 1, 1999.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Matthew A. Rankin, Assistant District Attorneys*, for appellee.
*James C. Bonner, Jr., Brenda J. Bernstein, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito*, amici curiae.

