### A99A0164. PATTERSON v. THE STATE.
(531 SE2d 759)

JOHNSON, Chief Judge.

Lee Patterson was convicted of two counts of aggravated sodomy and one count of child molestation for acts committed upon his girlfriend's five-year-old and ten-year-old daughters. In *Patterson v. State*, 237 Ga. App. 80 (514 SE2d 873) (1999), we affirmed the convictions, holding in Division 5 that the trial court was authorized to charge the jury on *aggravated* sodomy (versus simple sodomy) because of the victims' ages. Id. at 83-84 (5); see *Luke v. State*, 222 Ga. App. 203, 206 (1) (474 SE2d 49) (1996).

In *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999), the Supreme Court of Georgia overruled *Patterson*, *Luke*, and other similar cases to the extent they hold that one who commits an act of sodomy against an underage victim is, without more, guilty of aggravated sodomy. The Supreme Court held that the state must still prove force, even if the victim is underage. *Brewer*, supra.

The Supreme Court then granted Patterson's petition for certiorari and remanded the case to this court for application of its decision in *Brewer*, supra. Accordingly, we will follow that direction.

Aggravated sodomy is committed when a person commits sodomy with force and against the will of another person. OCGA § 16-6-2 (a). Force is shown if the defendant's words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others. *Brewer*, supra at 608; *State v. Collins*, 270 Ga. 42, 45 (508 SE2d 390) (1998). It can involve "acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation." (Citation and punctuation omitted.) *Brewer*, supra at 607. While there is no presumption of force merely because the victim is underage, the amount of evidence necessary to prove force against a child is minimal. Id.; *Summerour v. State*, 242 Ga. App. 599 (530 SE2d 494) (2000). The evidence of force was sufficient to justify giving a charge on aggravated sodomy in this case.

In a taped interview that was properly admitted at trial, ten-year-old A. P. stated that Patterson "made" her perform oral sex on him and that he "smacked" her on two occasions for gagging and biting him while performing oral sex. She also said he made her younger sister, B. P., perform oral sex on him. A. P. said that Patterson made her perform oral sex on B. P. once and that he made B. P.

perform oral sex on her once or twice. She stated that one time when B. P. refused, he pushed B. P.'s head against A. P.'s vagina so hard that B. P.'s teeth hit her and made her sore. A. P. said Patterson made her insert fake penises into B. P.'s vagina and rectum and that B. P. screamed and yelled that it hurt. Patterson also made A. P. put these devices in her own vagina. A. P. told the interviewer that she and her sister sometimes bled after these incidents.

A. P. did not tell her mother about the incidents because she was afraid that she and her sister would have to go to foster homes or that her mother would make them gather up only a few of their belongings and leave home, like she did once before. She stated that Patterson threatened the mother frequently and that once he hit her in the eye with a spoon. A. P. told of occasions in which Patterson picked up the younger victim by the arms, bruising her, whipped both girls with belts and sticks until they bled and developed welts on their legs, and banged A. P.'s head against a stereo.

Five-year-old B. P. stated in a properly admitted taped interview that Patterson told her to perform oral sex on him and that he kept telling her to "do it," despite her telling him that she did not want to. She also stated that Patterson told her that if she told anyone about this, she would get in trouble with her mother. B. P. added that she is afraid of Patterson because he hits her.

Evidence that Patterson used physical force upon the children, used violence against and threatened their mother in their presence, and intimidated, coerced and threatened the children was sufficient to instill in the children a reasonable apprehension of bodily harm, violence or other dangerous consequences if they did not comply with his demands. Only slight evidence supporting a theory of a jury charge is needed to authorize the giving of the charge. *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). The record in this case contains more than sufficient evidence of force to justify a charge on aggravated sodomy.

Our decision in Division 5 of the prior opinion finding the charge authorized based solely on the victims' ages is vacated, and the judgment of the trial court is affirmed. The remainder of this court's original decision was not affected by the appeal to the Supreme Court and so remains in force.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED MARCH 20, 2000 — 

*McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams, Todd M. Johnson,* for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney,* for appellee.