## A01A1903. BREWER v. THE STATE.
(553 SE2d 363)

ELDRIDGE, Judge.

This is the second appearance of the instant case before us.

Initially, a Whitfield County jury found David Roy Brewer guilty of sodomy, aggravated child molestation, and child molestation for

---

acts he perpetrated against his stepdaughter. Thereafter, the trial court merged the aggravated child molestation conviction into the sodomy conviction and sentenced Brewer to 20 years to serve on the sodomy conviction and 20 years to be served concurrently for the child molestation conviction. Brewer appealed, and we affirmed his conviction.[1]

The Supreme Court of Georgia granted certiorari and reversed, finding that sexual acts directed to a child victim are not, as a matter of law, forcible and against the will.[2]

Accordingly, upon reversal and remand of this case to this Court, we did as instructed by the Supreme Court and ordered "the trial court to vacate Brewer's conviction and sentence for aggravated sodomy and to sentence him instead for the crime of aggravated child molestation, which offense requires no proof of force."[3] Also, pursuant to instruction, this Court informed Brewer that he "shall have the right to pursue an appeal from his conviction for that offense [aggravated child molestation]."[4]

And so he does, claiming that the trial court erred in sentencing him on both aggravated child molestation and child molestation. We disagree and affirm his conviction and sentence for both offenses.

Under Count 2 of the indictment, Brewer was charged with aggravated child molestation in that he placed "his mouth into contact with [the victim's] vagina." Under Count 3 of the indictment, Brewer was charged with child molestation, in that Brewer "did perform an immoral and indecent act to, with and in the presence of [the victim] . . . by kissing her breast, placing his mouth into contact with and kissing her vaginal area, fondling and rubbing her breast, vagina, and vaginal area, removing his underwear and getting on top of her, and causing her to touch his penis."

Brewer contends that since the indicted act of aggravated child molestation was for putting his mouth into contact with the victim's vagina and the indicted act of child molestation included putting his mouth into contact with the victim's vaginal area, the offense of aggravated child molestation merged into the child molestation as encompassing the same set of facts.

If the child molestation had been indicted solely on Brewer's act of placing his mouth on the child's vaginal area, we might have agreed that a merger occurred, although, contrary to Brewer's argument, the lesser offense of child molestation would merge into the greater offense of aggravated child molestation: "aggravated child

---

[1] *Brewer v. State*, 236 Ga. App. 546 (512 SE2d 30) (1999).
[2] *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999).
[3] Id. at 608.
[4] Id. See *Brewer v. State*, 242 Ga. App. 152 (529 SE2d 374) (2000).

molestation cannot be merged into child molestation as a matter of law, since it is a greater, not lesser, offense involving additional elements. See OCGA §§ 16-1-6 (1); 16-6-4 (b), (d) (1)."[5] However, such merger does not occur in the instant case because the indicted act of child molestation includes other ways in which the State may prove such offense was committed. And

> [w]hen an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.[6]

Here, from Brewer's own statement, the evidence showed that, when he was alone in bed with his ten-year-old stepdaughter, he would

> hold [the victim] in my arms and would rub her breasts just to show love, not to be sexual. I would rub on top of her night shirt and sometimes inside her shirt. I would take my hand and rub between her legs, sometime outside her panties and sometimes inside her panties but I did not mean to be sexual. I never stuck my finger inside her. I never caused her to touch my penis except on one time. Her hand fell on my penis and I reached down and moved it away.

This evidence was corroborated by testimony of the victim's outcry, as well as by the victim's trial testimony. As such, it is sufficient to establish the offense of child molestation as indicted independent from Brewer's placing his mouth on the victim's vagina. Since the indicted offense of child molestation could be proved by facts different from the indicted act of aggravated child molestation, and sufficient evidence of those different facts is in the record to support a jury's finding of guilt thereon, the trial court did not err in refusing to merge the two offenses.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

---

[5] *Graham v. State*, 239 Ga. App. 429, 435 (6) (521 SE2d 249) (1999).

[6] (Citations and punctuation omitted.) *Cronan v. State*, 236 Ga. App. 374, 377-378 (3) (511 SE2d 899) (1999); *Stone v. State*, 229 Ga. App. 367, 370 (494 SE2d 48) (1997).

.

DECIDED AUGUST 2, 2001.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.