A02A2388. CHANCEY v. THE STATE.
(574 SE2d 904)

JOHNSON, Presiding Judge.

A jury found Larry Chancey guilty of three counts of aggravated sodomy and one count of child molestation in a case involving his five-year-old and twelve-year-old stepdaughters. Chancey appeals, alleging the evidence was insufficient to support his convictions for aggravated sodomy and the trial court erred in one of its jury charges. We find no error and affirm Chancey's convictions.

On appeal from his criminal convictions, Chancey no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the record shows that the 12-year-old identified Chancey as the man who had sexually molested her. She testified that he made her suck on his private. He pulled her pants down and put his private into her rear. Reading from her diary, she stated, "He put his private in my rear. He said if I tell, I would be hurt." The 12-year-old further testified that Chancey made her put her mouth on his private, pushing it in harder and trying to choke her when she tried to jerk away. Chancey threatened to hurt her if she told anybody.

The foster mother testified that the 12-year-old told her Chancey had threatened to hurt the 12-year-old if she told anybody. The 12-

---

[1] See *Higgins v. State*, 251 Ga. App. 175 (1) (554 SE2d 212) (2001).

year-old further related to the foster mother that Chancey made her perform oral sex on him and "because he went in from the back, he hurt me from the back." The foster mother testified that she was told Chancey would fondle the girls and get them to fondle him. In addition, a detective testified that the 12-year-old told her Chancey had performed anal sex on her and forced her to perform oral sex on him. The caseworker testified that the 12-year-old told her Chancey had performed anal sex on her and forced her to perform oral sex on him. She further testified that the 12-year-old told her that Chancey threatened to hurt her if she told anyone.

The five-year-old was available, but not called to the stand. A detective testified that the five-year-old told her that Chancey made her put her mouth on his penis and drink his "pee." The five-year-old further stated that Chancey touched her vagina and her behind with his hands and penis. In addition, a social worker who interviewed the five-year-old testified that the five-year-old stated she had seen Chancey's "weiner" and described it. According to the five-year-old, she was forced to put her mouth on Chancey's "weiner" a "bunch of" times. She had no choice and would get the belt if she did not comply. The foster mother also testified that the five-year-old told her that Chancey "pulled his private out and said suck on this awhile" and that he "peed in her mouth."

Chancey contends the evidence was insufficient to support his convictions of aggravated sodomy because there was no evidence of force and because the trial court improperly charged the jury as follows: "An act of sodomy perpetrated upon a child who is under the age of 13 constitutes aggravated sodomy, because the act done to a child of that age is automatically done with force and against the child's will." Chancey argues that this charge is erroneous and in conflict with *Brewer v. State*.[2] In *Brewer*, the Supreme Court held that the state must prove force even if the victim is underage.[3]

We first note that Chancey was tried on March 16, 1998, before the *Brewer* decision. Under the law in effect at the time of Chancey's trial, the trial court's charge to the jury concerning aggravated sodomy was a correct statement of the law.[4] Thus, the trial court did not err in its charge to the jury. However, since an appellate court applies the law as it exists when the case is before it,[5] we must determine

---

[2] 271 Ga. 605 (523 SE2d 18) (1999).

[3] Id. at 606.

[4] *Luke v. State*, 222 Ga. App. 203-206 (1) (474 SE2d 49) (1996), overruled, *Brewer*, supra; *Huggins v. State*, 192 Ga. App. 820-821 (1) (386 SE2d 703) (1989), overruled, *Brewer*, supra.

[5] See *Rylee v. State*, 184 Ga. App. 401, 402 (361 SE2d 546) (1987).

whether the evidence introduced at trial was sufficient under *Brewer* to sustain Chancey's convictions.

In *Brewer*, the Supreme Court defined "force" as: (1) acts of physical violence, (2) threats of death or physical bodily harm, or (3) mental coercion such as intimidation.[6] As the Supreme Court had previously ruled, although the state must prove force even if an offense such as rape is committed against a child,

> the quantum of evidence to prove force against a child is minimal. . . . Physical force is not required. Intimidation may substitute for force. The element of force is shown if the defendant's words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others.[7]

Contrary to Chancey's contentions, the record in this case contains sufficient evidence that the victims were forcibly sodomized by Chancey.

According to the 12-year-old and those relating her out-of-court statements, Chancey put his penis in her rear and hurt her. He told her that if she told anyone, he would hurt her. Chancey also "made" her get on her knees and "made" her put her mouth on his private. When she tried to jerk away, he pushed his private into her mouth harder and tried to choke her. She reiterated that Chancey told her that he would hurt her if she told anybody. Regarding the five-year-old, the record contains evidence that she told others Chancey forced her to put her mouth on his penis. The five-year-old stated that she had to do it; she had no choice or Chancey would hit her with the belt.

Evidence that Chancey used physical force upon the children and threatened the children was sufficient to instill in the children a reasonable apprehension of bodily harm, violence, or other dangerous consequences if they did not comply with his demands. This evidence was sufficient for a rational trier of fact to find Chancey guilty beyond a reasonable doubt of aggravated sodomy.[8] Additionally, as to the five-year-old, we note that effective July 1, 2000, OCGA § 16-6-2 (a) was amended to include the offense of aggravated sodomy without

---

[6] *Brewer*, supra at 607.

[7] (Punctuation and footnotes omitted.) *State v. Collins*, 270 Ga. 42, 44-45 (508 SE2d 390) (1998) (the application of this case was limited by OCGA § 16-6-1 (a) (2), which mandates that the state is not required in a rape case to prove force or consent if the victim is less than ten years of age). Compare *State v. Lyons*, 256 Ga. App. 377 (568 SE2d 533) (2002).

[8] See *Patterson v. State*, 242 Ga. App. 885 (531 SE2d 759) (2000); *Summerour v. State*, 242 Ga. App. 599, 601 (1) (530 SE2d 494) (2000).

the necessity of showing force or consent if it is committed upon a person who is less than ten years of age.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002.

*John A. Beall IV,* for appellant.

*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney,* for appellee.