**OMAR SUAREZ, Appellant**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim App. No. 2004-117

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 29, 2006

STEPHEN A. BRUSCH, ESQ., St. Thomas, U.S.V.I., *For the Appellant.*

MAUREEN PHELAN, AAG, St. Thomas, U.S.V.I., *For the Appellee.*

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(August 29, 2006)

Omar Suarez appeals his conviction in the Superior Court of the Virgin Islands[1] for aggravated rape in the first degree and first degree rape. For the reasons set forth below, we will affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the morning of July 31, 2002, ten-year old A.B. was at the home of Susie Bryan, her aunt. Also at the home was Susie Bryan's fiance, Omar Suarez. Sometime before noon, Susie Bryan left to pick up her grandmother, Inga Bryan, from the airport. Suarez was left at the home with A.B. and his four-year old daughter, S.S.

Following a trip to the pool, Suarez suggested that they play a "tasting game." The children agreed. Suarez took the two girls into his bedroom and blindfolded each with a sock and a shirt. Suarez put his finger, covered with different foods, into A.B.'s mouth and A.B. tried to guess what was on his finger. A.B. recognized onion dip, barbeque sauce, cocoa powder and a Twinkie.

Suarez inserted something else into A.B.'s mouth and said, "Don't bite it." A.B. testified that the object "started off small and got kind of bigger," and was "kind of soft and got harder." Suarez asked A.B. if she

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

wanted to stop and she said, "Yes." Suarez thereafter pulled her head onto the object several times and took the object out of A.B.'s mouth. When Suarez removed the blindfold, A.B. could see some "banana white stuff" on his grey shorts. A.B. later testified that while she could not be sure, she thought the object inserted in her mouth was a penis.

After Susie Bryan returned from the airport, she took A.B. to Inga Bryan's home. Inga Bryan testified that A.B. told her about the "tasting game" within two minutes of arriving at the home.

Suarez was thereafter charged in a two count Information with aggravated rape in the first degree and first degree rape. A jury trial was held in the Superior Court on May 28 - May 29, 2002. During the trial, A.B. testified to all of the foregoing. A.B. also testified that she was ten years old at the time of the assault and that she was not married to Suarez. Following the trial, Suarez was found guilty on both counts and the trial court denied his motion for a new trial.

On appeal, Suarez contends that: (1) his attorney provided ineffective assistance of counsel; (2) that there was insufficient evidence to support his conviction on both counts; and (3) the trial court made several evidentiary decisions that denied him a fair trial.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Superior Court. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004) which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court);[2] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a.[3] We review the Superior Court's findings of fact for clear error and afford plenary review to determinations of law. *Huggins v. Gov't of the V.I.*, 2005 U.S. Dist. LEXIS 34501, at *6, 47 V.I. 619 (D.V.I. App. Div. Dec. 9, 2005). Our review of constitutional claims is plenary. *Nibbs v. Roberts*, 31 V.I. 196, 1995 U.S. Dist. LEXIS 2561, at *1 (D.V.I. App. Div. 1995).

---

[2] Our jurisdiction in this regard was previously provided under 4 V.I.C. § 33.

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2000), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Suarez argues that his attorney provided ineffective assistance of counsel by: 1) failing to challenge the testimony of the government's expert witness, Dr. Astran; 2) not calling Susie Bryan's mother, Nancy Bryan, to testify as a defense witness; and 3) failing to object to the prosecutor's allegedly improper argument that Suarez and Susie Bryan would not allow S.S. to be interviewed by the police.

■ It is settled that "Sixth Amendment ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), are generally not entertained on direct appeal." *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004). This practice stems from the reality that "such claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an evidentiary hearing." *Id.* In rare cases, a court may address the claim on direct appeal when the record is sufficient to allow a determination on the issue. *Government of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984). *But see Massaro v. United States*, 538 U.S. 500, 507, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (noting that few ineffective assistance claims "will be capable of resolution on direct appeal").

■ In the case at bar, the record is not sufficiently compelling to address Suarez's claims. *See Massaro*, 538 U.S. at 505 (noting that, because evidence produced at trial is devoted to a defendant's guilt or innocence, the resultant record is inadequate to assess trial counsel's performance). Therefore, we will deny Suarez's claim of ineffective assistance of counsel without prejudice so that he may raise this issue at a collateral hearing. *See, e.g., United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (noting that "[i]t has long been the practice of this court [the Third Circuit] to defer the issue of ineffectiveness of trial counsel to a collateral attack").

### B. Sufficiency of the Evidence

Suarez next contends that there was insufficient evidence to support his conviction of aggravated rape and first degree rape.

When an appellant raises a sufficiency of the evidence argument to challenge a conviction, the Court "must view the evidence in the light most favorable to the government and must sustain the jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offense." *United States v. Syme*, 276 F.3d 131, 156 (3d Cir. 2002) (citations omitted). The Appellate Court may overturn a lower court's verdict only when the record "contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt ... ." *Syme*, 276 F.3d at 156 (quoting *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997)).

### 1. Aggravated Rape

■ Suarez was charged with aggravated rape in the first degree in violation of Title 14 section 1700(a)(1) of the Virgin Islands Code. To sustain its burden, the government must have proven beyond a reasonable doubt that: 1) the perpetrator engaged in an act of sexual intercourse or sodomy; 2) with a person not the perpetrator's spouse; and 3) that the person is under the age of thirteen. 14 V.I.C. § 1700(a)(1).

A.B. testified that Suarez told her not to bite the object placed in her mouth and later told her to "suck it up further." Suarez repeatedly inserted the object into A.B.'s mouth, sometimes so far forward that she gagged. After Suarez removed the object from A.B.'s mouth, several minutes elapsed before he took off her blindfold. Although A.B. did not attach significance to the delay, she saw "banana white stuff" on Suarez's shorts when her blindfold was removed. A.B. testified that she thought the object placed in her mouth was a penis.

■ Viewing the evidence in the light most favorable to the government, the Court finds that a rational jury could find beyond a reasonable doubt that the government proved all the elements of aggravated rape. The jury could reasonably infer from A.B.'s testimony that the object placed in her mouth was a penis, satisfying the first element of aggravated rape in the first degree. 14 V.I.C. § 1700(a). A.B. also testified that she was ten years old at the time of the assault, and that she was not married to Suarez. That testimony satisfies the second and third element of the crime. 14 V.I.C. § 1700(a)(1).

Suarez claims that the evidence arrayed against him is circumstantial and insufficient to support a conviction. However, it is well settled that a

guilty verdict can be based solely on circumstantial evidence. *See Government of Virgin Islands v. Edwards*, 903 F.2d 267, 271 (3d Cir. 1990) ("Since circumstantial and testimonial evidence are indistinguishable insofar as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all the evidence, direct or circumstantial, against the standard of reasonable doubt." (quoting *United States v. Hamilton*, 457 F.2d 95, 98 (3d Cir. 1972))). While the appellant claims that the evidence could show that the object placed in A.B.'s mouth was a Twinkie or a banana, "evidence need not be inconsistent with every conclusion save that of guilt, provided it does establish a case for which the jury can find the defendant guilty beyond a reasonable doubt." *Hamilton*, 457 F.2d at 98. The jury chose to accept A.B.'s testimony, and the Court "is bound by the jury's determination of credibility and its decision to accept the testimony of witnesses who contradicted the defendant." *Government of Virgin Islands v. Navarro*, 513 F.2d 11, 14, 11 V.I. 542 (3d Cir. 1974); *see also United States v. Isaac*, 134 F.3d 199, 205, 39 V.I. 470 (3d Cir. 1998) (noting that juries are the judges of witness credibility).

### 2. First Degree Rape

■ Suarez was also charged with first degree rape in violation of Title 14 section 1701(2) of the Virgin Islands Code. To sustain its burden on this charge, the government must have proven beyond a reasonable doubt that: 1) the perpetrator engaged in an act of sexual intercourse or sodomy with a person; and 2) that the person's resistance was forcibly overcome. 14 V.I.C. § 1701(2).

A.B. testified that, midway through the "tasting game," she began to gag on the object being forced in her mouth. Suarez asked, "A.B. do you want to stop?" and A.B. answered, "Yes." The appellant thereafter pushed A.B.'s head on the object a few more times.

Suarez concedes that pushing her head forward constitutes 'force.' However, Suarez argues that, assuming the object was his penis, A.B.'s actions did not constitute 'resistance' within the meaning of the statute. Appellant contends that "the definition of resistance envisions a physical element, where possible." Appellant's Br. 42.

"Resistance" is a relative term and must be considered in accordance with the special circumstances of a case, including a child's age and

maturity.[4] In *United States v. Willie,* the United States Court of Appeals for the Tenth Circuit held that a "child victim of sexual abuse may manifest a physical resistance that is lessor or different in kind than that of an adult rape victim." 253 F.3d 1215, 1219 (10th Cir. 2001). In that case, the appellate court ruled that a ten-year old's attempt to evade her father's abuse by sleeping on the same couch with her sister constituted resistance. *Id.* In a similar case, the U.S. Court of Appeals for the Eighth Circuit upheld the conviction of a father who raped his ten-year old daughter though the victim appeared to offer no outward resistance. *United States v. Bordeaux,* 997 F.2d 419, 420 (8th Cir. 1993) (noting that actual resistance not required when victim testified that "she knew that [Bordeaux] would punish her for saying no to him").

■ Similarly, the facts here demonstrate that A.B. resisted Suarez's assault. The apparent disparity in size between Suarez and the victim—a full grown adult male versus an average-sized child—might be enough to establish that "the child could not escape the sexual contact." *Bordeaux,* 997 F.2d at 420 (internal quotations omitted). When combined with Suarez's disregard for A.B.'s plea to stop, we are persuaded that there was sufficient resistance to sustain a first degree rape conviction.

---

[4]  Other jurisdictions have recognized that issues of resistance and force must be viewed in the framework of a child's age and point of view. See *Pittman v. State,* 460 So. 2d 232, 235 (Ala. Crim. App. 1984) ("It is clear that the force required to consummate rape in the first degree is necessarily relative. The force required to consummate the crime against a mature female is not the standard for application in a case in which the alleged victim is a child."); *Brewer v. State,* 271 Ga. 605, 523 S.E. 2d 18 (1999) (holding that commission of sodomy on a victim under the legal age of consent was automatically perpetrated with force); *In Interest of C.K.M.,* 135 Ill. App. 3d 145, 481 N.E.2d 883, 888, 90 Ill. Dec. 83 (1985) (noting that a child is not expected to offer as much resistance as an adult woman—force is inherent in any act of sodomy with a six-year old girl); *Commonwealth v. Lopez,* 433 Mass. 722, 745 N.E.2d 961, 965-966 (2001) ("The simple question, expressed in the briefest form is, was the victim willing?"); *Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1985) ("There is an element of forcible compulsion, or the threat of forcible compulsion that would prevent resistance by a person of reasonable resolution, inherent in the situation in which an adult who is with a child who is younger, smaller, less psychologically and emotionally mature, and less sophisticated than the adult, instructs the child to submit to the performance of sexual acts.").

499

## C. Sixth Amendment

During the trial, Suarez attempted to have Lisa Jamil—Suarez's sister-in-law—testify that Suarez babysat her children many times and had not molested them. The Superior Court excluded this evidence as improper character evidence. Suarez contends that the trial court should have admitted Lisa Jamil's testimony as habit evidence under Title 5 section 889 of the Virgin Islands Code; he argues that the exclusion violates his Sixth Amendment right to obtain witnesses in his favor.

"Although the Court reviews the trial judge's exclusion of defendant's proffered evidence for abuse of discretion, it reviews challenges to rulings excluding evidence proffered by the defense de novo when the objections are based on Sixth Amendment confrontation rights." *Charlemagne v. Gov't of the V.I.*, 2003 U.S. Dist. LEXIS 3109, at *3 (D.V.I. App. Div. Feb. 5, 2003); *see also Taylor v. Illinois*, 484 U.S. 400, 410-11, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988) (noting that although defendant has Sixth Amendment right to offer testimony, the right is limited by the standard rules of evidence).

■ Title 5 section 889 of the Virgin Islands Code provides: "Evidence of habit or custom is relevant to an issue of behavior on a specified occasion, but is admissible on that issue only as tending to prove that the behavior on such occasion conformed to the habit or custom." Courts consider three factors in deciding whether certain conduct constitutes habit: "(1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of conduct; and (3) the regularity or numerosity of the examples in the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001) (citing *Weil v. Seltzer*, 277 U.S. App. D.C. 196, 873 F.2d 1453, 1460 (D.C. Cir. 1989)). These factors are not discrete components, but are guides to be used by the Court in assessing the overall reliability of the evidence. *Angwin*, 271 F.2d at 799 n.3.

■ Applying these principles, we do not find that Suarez's evidence that he babysat children without molesting them constitutes habit as envisioned by Title 5 section 889 of the Virgin Islands Code. The evidence did not show that Suarez's "regular response to a specific situation" as to the nature of the alleged conduct—not molesting children—is the sort of semi-automatic, situation-specific conduct admitted under the Rule. *See Becker v. ARCO Chem.*, 207 F.3d 176, 203

500

(3d Cir. 2000) (holding that employer's alleged fabrication concerning an employee was not admissible as habit evidence). Moreover, Suarez's proffered evidence showed, at best, only one other instance in which Suarez exhibited the behavior of not molesting children. *See id.* Accordingly, the trial court did not err in excluding Lisa Jamil's testimony.

## D. Excited Utterance

Prior to, and during trial, Suarez objected to testimony from Inga Bryan regarding A.B.'s out-of-court statements about the "tasting game." The Superior Court overruled the objection and admitted the statements. Suarez appeals this ruling, contending that A.B.'s statements—made nearly two hours after the alleged rape—do not fall within the excited utterance exception to the hearsay rule.[5] We review the Superior Court's evidentiary rulings for abuse of discretion. *United States v. Johnson*, 388 F.3d 96, 100 (3d Cir. 2004).

There are four elements needed to show an excited utterance: 1) a startling occasion; 2) a statement made relating to the circumstances of the startling occasion; 3) a declarant who appears to have had the opportunity to personally observe the event; and 4) a statement made before there has been time to reflect and fabricate. *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998) (quoting 6 J. WIGMORE, EVIDENCE, § 1750-1751 (J. Chadbourne R. 1976)). There is no doubt that the assault represents a startling occasion, that the declarant's statement relates to the circumstances of the occurrence, and that the declarant had the opportunity to observe the event. The only issue is whether A.B. was still under the stress of the excitement two hours after her assault.

Several courts of appeal have allowed the admission of similar evidence when the declarant is a young child, "recognizing the possibility of fabrication and coaching are limited and the likelihood that the trauma from the startling event will remain with the child for some

---

[5]  The excited utterance exception is codified in Title 5 section 932 of the Virgin Islands Code.

time after the encounter is strong." *United States v. Hefferon*, 314 F.3d 211, 222-223 (5th Cir. 2002).[6]

In the case at bar, A.B. had no immediate opportunity to report the incident because she was at Suarez's home for nearly two hours. Moreover, A.B. related the details of the "tasting game" within two minutes of reaching Inga Bryan's home. A.B. said that when she entered Inga Bryan's home she was scared, upset, and felt like she was going to throw up. Inga Bryan stated that upon arriving A.B. "was crying. She took a book up that was nearby and she started to look at it, but not really reading it." [JA at 373.]

The Superior Court did not abuse its discretion in admitting this evidence considering the "age of the declarant, the characteristics of the event and the subject matter of the statements ... ." *Rivera*, 43 F.3d at 1296.

## III. CONCLUSION

For the reasons stated above, we will affirm the judgment of the Superior Court. Suarez's ineffective assistance claims will be dismissed without prejudice.

---

[6] *See, e.g., id.* (admitting statements from a child a few hours after sexual molestation); *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995) (holding that statements made a half hour after an assault was an excited utterance); *United States v. Farley*, 992 F.2d 1122, 1123 (10th Cir. 1993) (holding that statement of a young child made the day following a molestation properly admitted as an excited utterance where the child described as frightened and on the verge of tears); *Morgan v. Foretich*, 846 F.2d 941, 947 (4th Cir. 1988) (holding that four year-old's statements made within three hours of returning from sexually abusive father's home fell within exception because "courts must also be cognizant of the child's first real opportunity to report the incident"); *United States v. Iron Shell*, 633 F.2d 77, 85-86 (8th Cir. 1980) (holding that a nine-year old's statements elicited by police officer between forty-five minutes and one hour and fifteen minutes after an assault fell within the excited utterance exception); *United States v. Nick*, 604 F.2d 1199, 1202 (9th Cir. 1979) (holding that three year-old's statements within hours of molestation were admissible).