A00A0347. LONG v. THE STATE.
(526 SE2d 875)

McMURRAY, Presiding Judge.

Defendant Thomas Long was tried before a jury and found guilty of child molestation (Counts 1, 2, and 4), aggravated sexual battery (Count 3), and aggravated sodomy (Count 5), for sexual acts committed on his minor sister-in-law, S. O. The trial court ultimately set aside the convictions for child molestation under Counts 1 and 2, concluding the State failed to prosecute within the applicable statute of limitation. Remaining grounds in Long's motion for new trial were overruled, and this appeal followed. *Held*:

Long enumerates the denial of his motions for directed verdict as to the remaining count of child molestation (Count 4) and the charge of aggravated sodomy (Count 5); the introduction of alleged opinion evidence regarding the victim's testimony; and the exclusion of evidence that the victim had previously made false accusations of child abuse. We affirm.

1. The indictment was handed up June 16, 1997. Count 4 alleged that, between August 8, 1989 and August 8, 1990, the exact date unknown, Long committed the indecent and immoral act of "plac[ing] his finger inside the vagina" of the child, S. O., then under the age of 14. Long contends any prosecution for this act of child molestation is time-barred, arguing there is insufficient evidence the act took place any time within the statute of limitation.

(a) Under OCGA § 17-3-1 (c), prosecution for felonies committed against victims who are, at the time of the crime, under age fourteen, must commence within seven years after commission of the crime. In criminal cases, the statute of limitation runs from the time of the criminal act to the time of indictment, and not from the time of the act to the time of trial. *Hall v. Hopper*, 234 Ga. 625, 626 (1) (216 SE2d 839). Consequently, there must be some evidence that this particular act of molestation occurred between June 16, 1990 (seven years before indictment) and the date of the indictment.

(b) Viewed in the light most favorable to the jury's verdicts, the evidence authorizes the following facts: The victim, S. O., was 18 during the May 1998 trial. S. O. went to live with her half-sister Karen and her husband Tommy (defendant Long) in March 1988, when S. O. was eight and would turn nine in August. Defendant began taking indecent liberties with the victim around November 1988; "it wasn't long after [they] moved. . . ." He continued until "from [when S. O. was] the age of nine to sixteen — fifteen or sixteen, whenever [S. O.] moved out." In 1990, when defendant's wife was "pregnant with Rodney[, who was born in] October of 1990," defendant "put one of his fingers inside [S. O.]," while measuring S. O.'s inseam for a pair of protective chaps. It was summertime, "about the middle of softball season." S. O. was "fixing to turn eleven" that August. This proof, pinpointing the time near her eleventh birthday (August 1990), is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to authorize the conclusion that the child molestation alleged in Count 4 of the indictment occurred after June 16, 1990. The trial court correctly concluded that Long's conviction for this count is valid, based on proof that prosecution was commenced within the applicable limitation period. *Thompson v. State*, 212 Ga. App. 175, 176 (2) (442 SE2d 771).

2. Count 5 of the indictment alleged that, between August 8, 1994 and August 8, 1995, defendant "place[d] his penis in the mouth of [S. O.] with force and against the will of [S. O.]" Long contends the trial court erred in denying his motion for directed verdict of acquittal as to the aggravated sodomy alleged in Count 5, arguing there is no evidence of force.

Force may be proved by direct or circumstantial evidence. *Daniel v. State*, 194 Ga. App. 495, 496 (2) (391 SE2d 128). Lack of resistance, induced by fear, is not legally cognizable consent but is force. *Ingram v. State*, 211 Ga. App. 252, 253 (2) (438 SE2d 708). Force, as an element of aggravated sodomy under OCGA § 16-6-2 (a), may be inferred by evidence of intimidation arising from the familial relationship. *Shelton v. State*, 196 Ga. App. 163 (1) (395 SE2d 618). Here, Long was a Paulding County Sheriff's Deputy. S. O. testified she was intimidated by Long because he was a police officer. Living in Long's

house, S. O. was dependent upon him for food and shelter. The circumstantial evidence of force through intimidation is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that Long is guilty, beyond a reasonable doubt, of the aggravated sodomy alleged in Count 5. The trial court correctly denied Long's motion for directed verdict of acquittal. *Daniel v. State*, 194 Ga. App. at 496 (2), supra.

3. After the State's attorney finished questioning Mary Claire Brannon, a child and adolescent counselor to whom S. O. confided that defendant had molested her, Brannon added a statement, "I think [S. O.] had built some trust." Defendant objected to this as impermissible opinion and asked that it be stricken. The trial court did not hear what the witness said and overruled the objection. This evidentiary ruling is enumerated as error. " 'An expert witness may not testify as to his opinion of the victim's truthfulness. (Cits.) . . . (A)n expert witness may not put his . . . stamp of believability on the victim's story. (Cit.)' *State v. Oliver*, 188 Ga. App. 47, 50-51 (2) (372 SE2d 256) (1988)." *Dickerson v. State*, 207 Ga. App. 241 (2), 242 (427 SE2d 591). But this opinion by the counselor, that the victim had built up some trust, simply does not put an expert's imprimatur on the truthfulness of the victim's statements. The trial court did not err in failing to strike this statement.

4. The fourth enumeration contends the trial court erroneously excluded evidence that the victim made a prior false accusation of child abuse against Peggy Ann Peebles, based upon Peebles disciplining S. O. with a belt.

Outside the presence of the jury, S. O. testified she complained to authorities that Peebles "was trying to hit me in the face" by slinging a belt. Peebles admitted hitting S. O. with a belt "across the behind three times." The trial court ruled the prior altercation was irrelevant and inadmissible.

The general character of the parties and especially conduct in other transactions are generally irrelevant. OCGA § 24-2-2. In Georgia, however, evidence of prior false accusations of sexual misconduct is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158). This is an exception to the rule that the victim's character cannot be attacked by proof of specific bad acts but must be challenged by evidence of the victim's general reputation for veracity under OCGA § 24-9-84. Id. The evidence proffered in this case did not involve prior false accusations of sexual misconduct and so fell within the general rule that proof of bad character cannot be proven by specific bad acts. *Postell v. State*, 261 Ga. 842, 843 (2) (412 SE2d 831). The trial court correctly excluded the proffered evidence as legally irrelevant.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 8, 1999.

*Donald R. Donovan*, for appellant.
*James R. Osborne, District Attorney, Elizabeth L. Larson, Assistant District Attorney*, for appellee.