## A04A0262. SCHNEIDER v. THE STATE.
### (603 SE2d 663)

RUFFIN, Presiding Judge.

A jury found Fred Ian Schneider guilty of multiple counts of aggravated child molestation, child molestation, aggravated sodomy, and sexual battery for acts committed against seven different boys. Schneider appeals, asserting that the evidence was insufficient to support the verdict as to the aggravated sodomy count, that the trial court erred in allowing evidence of similar transactions, and that it improperly commented on the evidence. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict,[1] the evidence at trial showed that D. N. was approximately 13 years old when Schneider first began grabbing D. N.'s buttocks and his penis. When D. N. was 16, Schneider asked D. N. if he could give him oral sex. When D. N.

---

[1] See *Cox v. State*, 242 Ga. App. 334-335 (1) (528 SE2d 871) (2000).

told him no, Schneider pulled D. N.'s pants down, held his penis and then kissed it until he gave D. N. a "hickey" in his groin area.

G. M. was 15 or 16 when Schneider began putting his hands and mouth on G. M.'s penis. G. M. testified that when he was 17 years old, his parents sent him to Schneider's house for a weekend after G. M. spent some time in jail, so that Schneider could look after him and "talk some sense into him." At one point during the weekend, G. M. awoke to find Schneider massaging G. M.'s penis. Later that year, G. M. again spent the night at Schneider's house, and Schneider performed oral sex on G. M. At trial, G. M. admitted that Schneider did not forcibly hold him down against his will. However, he also testified that he "freaked out" when Schneider performed oral sex on him, that he did not want to engage in oral sex, but that he did not tell Schneider to stop because he trusted Schneider like a father figure. He testified that Schneider, weighing 425 pounds, "laid [his arm] over him," and he could not have physically stopped Schneider because of Schneider's size.

C. R. was approximately 13 when Schneider began rubbing C. R.'s buttocks and reaching inside his pants to grab his penis. G. B. was younger than 13 when Schneider reached under G. B.'s clothing and put his hand around G. B.'s penis. A. Z. was younger than 12 when Schneider started reaching inside A. Z.'s clothes and touching the twin's penis. A. Z.'s twin testified that Schneider would often touch his penis. J. S. was approximately 14 when Schneider grabbed J. S.'s penis and moved his hand up and down until J. S. ejaculated.

1. Schneider challenges only the sufficiency of the evidence relating to his aggravated sodomy conviction involving G. M. On appeal, we examine the evidence in a light most favorable to support the jury's verdict and do not weigh the evidence or determine witness credibility.[2] Schneider no longer enjoys a presumption of innocence, and we will affirm his conviction if there was sufficient evidence for a rational trier of fact to find the essential elements of aggravated sodomy beyond a reasonable doubt.[3]

"A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another. A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person."[4] Schneider asserts that the evidence was insufficient to prove aggravated sodomy with respect to G. M. because there was no evidence of force. We disagree.

---

[2] See id.
[3] See id.
[4] OCGA § 16-6-2 (a).

"Force may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is not legally cognizable consent but is force."[5] And force, as an element of aggravated sodomy, "may be inferred by evidence of intimidation arising from [a] familial relationship."[6] Although Schneider did not hold G. M. down against his will, G. M. testified that his parents sent him to Schneider to look after him, that he "freaked out" when Schneider performed oral sex on him, that he did not want the oral sex to happen, and that he did not tell him to stop because he trusted Schneider like a father figure. He also testified that he could not have physically stopped Schneider because of Schneider's size. The circumstantial evidence of force through intimidation is sufficient to support the jury's verdict as to aggravated sodomy.[7]

2. Schneider also asserts that the trial court erred in improperly admitting evidence of similar transactions because the State did not articulate a proper purpose for their introduction, they were not similar enough to warrant introduction, and they were too remote in time to be probative. We disagree.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[8] We find no such abuse here.

> In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and *sufficient similarity* or connection between the independent crime and the offenses charged.[9]

Here, the State offered the similar transactions to show Schneider's "motive, intent, lustful disposition, plan, scheme, method of operation, bent of mind and course of conduct." And all of the similar transactions involved young males and fondling or oral sex. The first instance involved sexual battery and aggravated sodomy, wherein Schneider fondled and performed oral sex on a 19-year-old, and the

---

[5] (Citation omitted.) *Long v. State*, 241 Ga. App. 370, 371-372 (2) (526 SE2d 875) (1999).

[6] Id.

[7] See id. Cf. *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999) (reversing conviction of aggravated sodomy where child victim repeatedly denied every suggestion of physical force, threats, and intimidation).

[8] (Punctuation omitted.) *Banks v. State*, 250 Ga. App. 728 (1) (552 SE2d 903) (2001).

[9] (Punctuation omitted.) *Rary v. State*, 228 Ga. App. 414, 415 (1) (b) (491 SE2d 861) (1997).

19-year-old did not tell Schneider to stop, citing Schneider's size and that he was scared of him. The second instance also involved sexual battery and aggravated sodomy, wherein Schneider fondled and performed oral sex on a 17-year-old. The third instance again involved sexual battery and aggravated sodomy, wherein Schneider fondled and performed oral sex on a 14-year-old. The fourth instance involved sexual battery and aggravated sodomy, wherein Schneider performed oral sex on a 12-year-old. The fifth instance involved sexual battery, wherein Schneider fondled a 13-year-old. We find that these incidents were sufficiently similar to the offenses charged to warrant their admission.[10]

Schneider also asserts that the similar transactions were too remote in time to be admissible since they all occurred 14 to 18 years before the current trial. Again, we disagree. As we have previously held:

> where similar transaction evidence has been admissible otherwise, lapses of time of 11 years and of 19 years have not demanded that the evidence was inadmissible. Further, the lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility.[11]

Accordingly, we find that the trial court did not err in admitting the evidence of similar transactions.

3. Finally, Schneider asserts that the trial court improperly commented on the evidence by admonishing Schneider's counsel for speaking too loudly when he questioned a 12-year-old witness. The record shows that the trial court did not limit the type of questions that Schneider could ask or in any way comment on the evidence; rather, the trial court merely exercised its broad discretion to protect a witness "from harsh or insulting demeanor."[12] Accordingly, we find no error.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MAY 20, 2004.

*Michael M. Sheffield, Hillary M. Krepistman, Wystan B. Getz*, for appellant.

---

[10] See id.

[11] (Punctuation omitted.) *Godbey v. State*, 241 Ga. App. 529, 530 (1) (526 SE2d 415) (1999) (physical precedent only).

[12] OCGA § 24-9-62. See also *Cochran v. Neely*, 123 Ga. App. 500 (181 SE2d 511) (1971).

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.