A07A0385. BOILEAU v. THE STATE.
(645 SE2d 577)

SMITH, Presiding Judge.

A jury found William Dean Boileau guilty of aggravated child molestation and aggravated sodomy. On appeal, he challenges the

---

sufficiency of the evidence of his guilt and the trial court's admission of similar transaction evidence. Because these challenges are without merit, we affirm.

Construed in favor of the verdict, the evidence reveals that en route to Ocala, Florida from Missouri, Boileau, his father, mother, and niece — the ten-year-old victim — stopped in Perry, Georgia (Houston County) to refuel. The family traveled in a Ford truck with a camper on the back. Before the stop, Boileau and his father were riding in the cab of the truck while the victim and Boileau's mother slept in the camper.

After the stop in Perry, Boileau moved into the camper and his mother moved to the cab of the truck. The victim testified that at some point she awoke when she felt Boileau pulling her pants and underwear down. She testified further that Boileau then "started licking [her] down there." The victim later told a Department of Family and Children Services investigator that after Boileau put his mouth on her vagina, she felt something pushing into her vagina and that she was not sure if it was Boileau's finger or penis, but that she thought it was his penis because she did not feel a fingernail. She stated further that she then felt Boileau shaking, and that when he stopped, she felt "slimy stuff" on her body. She told the investigator that during this encounter, "[s]he felt that — she couldn't say anything. She was very scared, she just wanted him to stop." The victim explained that she later felt a burning sensation while urinating. Once the victim arrived in Ocala, Florida, she wrote Boileau's mother (her grandmother) a note explaining what Boileau had done while they were in the camper together and left it on her grandmother's bed.

Boileau was charged with aggravated sodomy and aggravated child molestation for placing his mouth on and licking the victim's vagina, and also charged with child molestation for penetrating the victim's vagina with his finger. The jury acquitted Boileau of child molestation, but found him guilty of both aggravated sodomy and aggravated child molestation. The trial court merged the aggravated child molestation conviction into the aggravated sodomy conviction and sentenced Boileau to 30 years, allowing 12 of those years to be served on probation.

1. Boileau challenges the sufficiency of the evidence on several grounds. On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. Id.

(a) Boileau contends that the evidence was insufficient to sustain his conviction because there was no evidence of force as required for the crime of aggravated sodomy. OCGA § 16-6-2 (a) (2) provides in part that "[a] person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." Our courts have held that "[t]he term force includes not only physical force, but also mental coercion, such as intimidation. Lack of resistance, induced by fear, is force." (Citations, punctuation and footnote omitted.) *Brewster v. State*, 261 Ga. App. 795, 797 (1) (b) (584 SE2d 66) (2003). Moreover, "[f]orce may be proved by direct or circumstantial evidence." (Citation, punctuation and footnote omitted.) *Schneider v. State*, 267 Ga. App. 508, 510 (1) (603 SE2d 663) (2004). And "[a]s with rape, only a minimal amount of evidence is necessary to prove that an act of sodomy against a child was forcible." (Citations omitted.) *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999).

Here, the victim stated that she was "very scared" and that she wanted Boileau to stop. This testimony establishes that the victim's lack of resistance was induced by fear. Moreover, Boileau's conduct in pulling down the victim's pants and underwear while she was asleep is some evidence of physical force. These facts are similar to facts in *Schneider*, supra, where the victim stated that he "freaked out" when Schneider performed oral sex on him and that he did not tell Schneider to stop because he trusted Schneider like a father figure. Id. at 509.

Boileau argues that the Georgia Supreme Court's ruling in *Brewer*, supra, demands a different result. *Brewer* is distinguishable, however, because the victim in that case "repeatedly denied every suggestion of physical force, threats, and intimidation." Id. at 607. The court held that "the record reveals no evidence that the victim was in fear before or during any act of molestation." Id. at 608.

In this case, there is circumstantial evidence that the victim's lack of resistance was induced by fear experienced during her encounter with Boileau, and that some evidence of physical force was presented by Boileau's pulling down the pants and underwear of the victim. There was therefore sufficient evidence of force to sustain Boileau's conviction for aggravated sodomy. See *Schneider*, supra, 267 Ga. App. at 510 (1); compare *Howard v. State*, 281 Ga. App. 797, 800-802 (3) (637 SE2d 448) (2006) (no force shown where defendant talked his 15-year-old sister into engaging in sexual relations with him).

(b) Boileau also argues that there was insufficient evidence to establish venue. OCGA § 17-2-2 (e) provides, however, that

> [i]f a crime is committed upon any railroad car, vehicle, watercraft, or aircraft traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the railroad car, vehicle, watercraft, or aircraft has traveled.

The evidence here revealed that Boileau entered the camper after the family stopped in Perry, Georgia (Houston County), and that he soon thereafter performed the sex acts against the victim. This was sufficient to establish that the crimes could have been committed in Houston County, Georgia. See *Dillard v. State*, 223 Ga. App. 405, 406 (2) (477 SE2d 674) (1996).

2. Boileau argues that the trial court erred in allowing the introduction of a 1991 incident where he admitted to licking the vagina of a four-year-old child.

> To qualify for admission as a similar transaction, the State must show that (1) it is introducing the evidence for an appropriate purpose, (2) sufficient evidence establishes that the accused committed the independent offense, and (3) sufficient similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter.

(Citation and punctuation omitted.) *Williams v. State*, 279 Ga. App. 83, 86 (3) (630 SE2d 601) (2006). Moreover,

> [i]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and *sufficient similarity* or connection between the independent crime and the offenses charged.

(Citation, punctuation and footnote omitted; emphasis in original.) *Schneider*, supra, 267 Ga. App. at 510 (2). The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion. *Williams*, supra, 279 Ga. App. at 86 (3).

Boileau argues that the State failed to establish the first and third prongs of the test for admission of the 1991 incident. During the hearing, however, Boileau only argued that the incident was too remote in time. See *Ellis v. State*, 282 Ga. App. 17, 22 (3) (a) (637 SE2d

729) (2006) (defendant cannot raise new ground on appeal for challenge to similar transaction evidence).

As our courts have previously held, "[w]here similar transaction evidence has been admissible otherwise, lapses of time of 11 years and of 19 years have not demanded that the evidence was inadmissible." (Citations and punctuation omitted.) *Gilstrap v. State*, 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991); see also *Schneider*, supra, 267 Ga. App. at 511 (2). Moreover, "the lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." (Citation, punctuation and footnote omitted.) *Schneider*, supra. Therefore, the lapse of 14 years here does not demand that the evidence was inadmissible.

With regard to the first and third prongs of the test for admission of the similar transaction, the record reveals that the trial court held a hearing during which the State explained that it sought to introduce the 1991 incident, where Boileau licked the vaginal area of a four-year-old, to establish scheme, motive, or bent of mind. Boileau testified at trial that he "took [the child] in her bedroom and licked her in the vagina." The trial court found this incident sufficiently similar to the acts in the present case and allowed the admission of this evidence for the purpose of showing scheme, bent of mind, or modus operandi. Because the evidence reveals that Boileau was the perpetrator of both the 1991 act and the offenses charged here, and there was sufficient similarity between both acts, the trial court did not abuse its discretion in allowing the admission of the 1991 similar transaction. See *Schneider*, supra, 267 Ga. App. at 511 (2).[1]

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 12, 2007 —
RECONSIDERATION DENIED MAY 4, 2007.

*Jeffrey L. Grube*, for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.

---

[1] Boileau also argues that the State "presented no evidence at a separate hearing required by Uniform Superior Court Rule 31.3 (b)," and merely stated the facts underlying the similar transaction. But "[a] hearing in which the State relies upon the statements of the prosecuting attorney to make the required showing for the admissibility of similar transaction evidence is sufficient to satisfy the requirements of USCR 31.3 (B)." (Citations and punctuation omitted.) *Talmadge v. State*, 236 Ga. App. 454, 457 (1) (e) (512 SE2d 329) (1999).