**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 29, 2020**

# In the Court of Appeals of Georgia

A19A2007. THURMOND v. THE STATE.

RICKMAN, Judge.

In this discretionary appeal, Willie Antonio Thurmond challenges the revocation of his probation. He contends that the trial court erred by finding that he committed the new offense of aggravated sodomy. For reasons that follow, we vacate the trial court's revocation order and remand the case with direction.[1]

The record shows that on December 18, 2018, Thurmond pled guilty to criminal trespass and was sentenced to 12 months of supervised probation. One of the conditions of Thurmond's probation was that he obey all state, local, and federal

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

laws. In January 2019, the State obtained a warrant for Thurmond's arrest and filed a petition for revocation/modification of Thurmond's probation based on his alleged commission of the new offense of aggravated sodomy.

At the probation revocation hearing, the victim, who was 21 years old at the time of the incident, testified that on the evening of January 4, 2019, he had a couple of drinks before going to a bar with a friend at approximately 11:00 p.m. While at the bar, the victim had a drink and met Thurmond for the first time. The victim and his friend then left and went to another bar. The victim was drinking mixed drinks that night and eventually lost count of how many drinks he had consumed. At approximately 2:30 a.m. the following day, the victim and his friend went to his friend's apartment, and Thurmond went with them.

When they got to the apartment, the victim recalled that Thurmond gave him one drink that he "remember[ed] sipping on" and another that he spit out. The victim testified that he was very drunk, and that he threw up while he was at the apartment because of his alcohol consumption. Approximately 20 minutes after arriving at the apartment, the victim went to sleep on the couch. While he was sleeping, the victim felt Thurmond touch his penis, and he picked up his head but could not see because either his eyes were closed or he was "in between blackout and not blackout," so he

put his head back down. Next, he felt Thurmond undoing his pants and pulling them down, followed by something wet on his penis, which he discovered was Thurmond's mouth. At that point, the victim got up, asked Thurmond, "What are you doing?," and took a swing at him. The victim then tackled Thurmond, got on top of him, and began punching him. The victim did not recall Thurmond hitting him or using his fists, but testified that they eventually got into a struggle and the victim subsequently ran out of the apartment and called the police. The victim testified that he never gave Thurmond any indication that he would consent to "that kind of contact," referring to Thurmond's contact with the victim's penis.

Following the hearing, the trial court revoked the remaining nine months of Thurmond's probation based on its finding by a preponderance of the evidence that Thurmond had violated the terms and conditions of his probation as alleged in the State's petition. Thurmond subsequently filed an application for discretionary appeal in which he asserted that the trial court had erred in concluding that the victim's testimony was sufficient to satisfy the "actual force" element of aggravated sodomy, and we granted that application.

Georgia's conditions for revoking a probated sentence provide that "[a] court may not revoke any part of any probated or suspended sentence unless the defendant

3

admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b).[2] And as a general rule, "this Court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. Nevertheless, we review questions of law de novo." (Citations, punctuation, and emphasis omitted.) *Ponder v. State*, 341 Ga. App. 276, 277 (800 SE2d 19) (2017).

Thurmond contends that the trial court erred by finding that he committed the new offense of aggravated sodomy. He argues that the victim's testimony was insufficient to show that the act of sodomy was committed with "force" as required by the aggravated sodomy statute.

---

[2] We note that OCGA § 42-8-34.1 was first adopted in 1988 and that prior to its effective date of April 14, 1988, only "slight evidence" of violation of the probation sentence was necessary to justify revocation of probation. See Ga. L. 1988, pp. 1911-1913, § 1; *State v. Jones*, 196 Ga. App. 896, 897 (397 SE2d 209) (1990). It appears that this Court has issued post-1988 opinions relying on the pre-1998 standard, and we take this opportunity to reiterate that the applicable standard for proving a probation violation is a preponderance of the evidence. To the extent that *Glenn v. State*, 350 Ga. App. 12, 14 (827 SE2d 698) (2019) (physical precedent only) and *Veats v. State*, 300 Ga. App. 600, 602 (1) (685 SE2d 416) (2009), hold otherwise, they are hereby disapproved.

"A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1). "A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a) (2). Thus, the crime of aggravated sodomy has three elements: (1) an act of sodomy; (2) with force; and (3) against the will of another person. Thurmond only contests the element of force.

Within the meaning of the aggravated sodomy statute, the term "force" means "acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation" such as would be "sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to [oneself] or others."(Citation and punctuation omitted.) *Brewer v. State*, 271 Ga. 605, 607, 608 (523 SE2d 18) (1999). To prove aggravated sodomy in cases involving victims who are above the age of consent but unable to consent due to mental incompetency or intoxication by drugs or alcohol, this Court has held that the State must show actual force (not constructive force). See *Melton v. State*, 282 Ga. App. 685, 694 (2) (c) (639 SE2d 411) (2006). We reached this conclusion because "allowing a presumption of

5

force in aggravated sodomy cases based solely upon the victim's . . . incapacity to consent [due to mental incompetency or voluntary intoxication,] would undermine the existing sodomy statute, [which already criminalizes nonconsensual but unforced sodomy,] leaving it with very little practical purpose," and also "provid[e] greater protections for those victims than the protections given to victims of rape and aggravated sodomy who are between the ages of ten and sixteen." Id. at 693-694 (2) (c); see *Haynes v. State*, 326 Ga. App. 336, 338 (1) (756 SE2d 599) (2014) (State must prove the element of force to obtain a conviction for forcible rape of a victim over the age of ten but under the age of consent); *Brewer*, 271 Ga. at 606 (force is a separate essential element that the State must prove to obtain a conviction for aggravated sodomy against a victim under the age of consent); OCGA § 16-6-2 (a) (2) (amended after *Brewer* to provide that no evidence of force is required to prove aggravated sodomy if the victim is under the age of ten).

The trial court here concluded that the element of physical force was shown by evidence that the victim's "pants were unzipped and . . . pulled down" without his consent and while he was asleep. We disagree with that conclusion.

In *Melton*, 282 Ga. App. at 687, 692 (2) (c), this Court found no evidence that actual force was used where the mentally disabled victim testified that the defendant

6

pulled off her clothes before performing two acts of sodomy. And in an aggravated sodomy case involving a minor, the Supreme Court found no force of any kind where the defendant admitted that he pulled down his stepdaughter's panties prior to performing an act of sodomy. See *Brewer*, 271 Ga. at 607-608. This Court, however, has held that some evidence of physical force was presented by the defendant pulling down the pants of the victim in two cases involving minor victims. See *In re M.C.*, 322 Ga. App. 239, 242 (1) (744 SE2d 436) (2013), disapproved of on other grounds by *Martin v. McLaughlin*, 298 Ga. 44, 46 n.3 (779 SE2d 294) (2015); *Boileau v. State*, 285 Ga. App. 221, 223 (1) (a) (645 SE2d 577) (2007); see also *Conley v. State*, 329 Ga. App. 96, 99 (1) (763 SE2d 881) (2014) ("Given the evidence that Conley was referred to as "Uncle Barry," he forced Je. to touch his penis, he removed Je.'s underwear before molesting him, and he attempted to keep Je. silent, as well as evidence showing that Je. wanted the abuse to stop, the jury was authorized to conclude that Je. was forced to engage in oral sex. . . ."). But "as with rape, only a minimal amount of evidence is necessary to prove that an act of sodomy against a child was forcible." (Citation and punctuation omitted.) *Boileau*, 285 Ga. App. at 223 (1) (a). And, as previously stated, for a probation revocation, the State must prove a

7

violation by a preponderance of the evidence, not by minimal or slight evidence. See OCGA § 42-8-34.1 (b); *Anderson v. State*, 212 Ga. App. 329 (442 SE2d 268) (1994).

Here, the victim testified that he was asleep or in and out of "being blackout" when Thurmond began touching him and did not testify to any actual force, physical or otherwise, used by Thurmond prior to or during the sexual act.[3] Under these particular circumstances, we do not find that the act of pulling down the pants of a voluntarily intoxicated adult victim was sufficient to prove the element of "force" as required by OCGA § 16-6-2 (a) (2). Thus, the State failed to prove by a preponderance of the evidence that Thurmond committed the new offense of aggravated sodomy, and the trial court erred in revoking Thurmond's probation on that basis. Nevertheless, we find that a preponderance of the evidence shows that

[3] This case is distinguishable from *Handley v. State*, 352 Ga. App. 106 (834 SE2d 114) (2019), where this Court held that the element of force required to support an aggravated sodomy conviction was established when the defendant gave his 17-year-old nephew alcohol and an unknown drug in response to the nephew's complaint that he was having trouble sleeping, and the evidence showed these substances had the effect of causing the nephew to become "out of it" and unable to move even though he was aware of defendant's actions, thereby rendering him incapable of consenting and overcoming his ability to resist. Id. at 108-109. In contrast, the victim here consumed so many mixed drinks that he lost count before returning to the apartment with Thurmond, and testified that he did not "hang out" with Thurmond for the majority of the night. Thus, it could not be said that Thurmond was responsible for rendering the victim incapable of resisting or for overcoming his ability to resist Thurmond's sexual advances by supplying him with alcohol.

Thurmond committed the lesser included offense of sodomy as set forth in OCGA § 16-6-2 (a) (1). See *Melton*, 282 Ga. App. at 693 (2) (c) ("[S]odomy is a lesser included offense of aggravated sodomy, and the only distinction between the two crimes is the element of force.").[4]

"Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing," informing him of the specific grounds upon which revocation is sought so that he can adequately prepare his defense. (Citation and punctuation omitted.) *Wolcott v. State*, 278 Ga. 664, 667 (2) (604 SE2d 478) (2004). The notice given to Thurmond that he had violated his probation by committing aggravated sodomy was sufficient notice that he had also violated probation by committing the lesser included offense of sodomy based on the same facts. See *Franklin v. State*, 286 Ga. App. 288, 291 (1) (648 SE2d 746) (2007). "Accordingly, we vacate the trial court's revocation order based on the finding that [Thurmond] committed the felony offense of [aggravated sodomy], and remand the

---

[4] We note that, in addition to sodomy, the State could have sought to revoke Thurmond's probation for failing to abstain from the consumption of alcohol, which was a condition of his probation, or sexual battery, OCGA § 16-6-22.1 (b) ("A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person.").

case with direction that the trial court enter a new order on the revocation petition based on the finding that [Thurmond] committed the offense of [sodomy]." Id.

*Judgment vacated and case remanded with direction. Miller, P. J., and Reese, J., concur.*