**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 14, 2021**

# In the Court of Appeals of Georgia

A20A1821. HAMBY v. THE STATE.

COLVIN, Judge.

After a jury trial, Kyle Jordan Hamby was convicted of one count of aggravated child molestation, one count of aggravated sodomy, one count of cruelty to children, and two counts of child molestation.[1] He appeals from the denial of his motion for new trial, arguing that his aggravated sodomy conviction was not supported by sufficient evidence at trial, or alternatively that it should have been merged with the aggravated child molestation conviction for the purpose of sentencing. He also argues that the trial court erred by allowing prejudicial evidence at trial. For the following reasons, we affirm.

---

[1] Hamby was acquitted of three counts of child molestation and one count each of rape, aggravated child molestation, and aggravated sodomy.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that E. G. was born in June 1999. In 2005, E. G., along with her sister T. G. and their mother, moved into a trailer with Hamby and his son in Hall County, where the group lived until 2007. Hamby watched E. G. and the other children while E. G.'s mother worked the night shift at Wal-Mart. It was during this time that Hamby began molesting E. G. E. G. testified that when she lived in the Hall County trailer, Hamby would wait until everyone else in the house was asleep and would take her into the living room and perform oral sex on her, and once showed her naked body to another man over a web camera.

In 2007, E. G.'s mother moved to a new house on Cabots Court in Auburn, Georgia. Hamby lived with them for a short period of time before moving to another

2

home. During this time, Hamby babysat for for E. G. and her sister. In 2009, E. G.'s mother got married and moved with her daughters to a yet another home, renting the Cabots Court home to Hamby and his family. E. G. and her sister would often spend the night with Hamby, during which time Hamby continued to molest E. G. while the other children were asleep.

E. G. testified about several specific incidents of molestation that occurred after 2007. E. G. described a time when Hamby shaved her pubic area and performed oral sex on her. E. G. also testified that Hamby ordered pornography over the phone to watch with her and gave her underwear and a sex toy. E. G. described another occasion in which Hamby took her clothes off and raped her one morning before school, but stopped because E. G. was crying due to the "immense pain." E. G. testified that she did not want to do these acts, and every time one happened, Hamby would make her "pinky promise" that she would not tell anyone.

E. G.'s mother testified that in 2011, E. G. stopped wanting to go to Hamby's house. Around that same time, E. G.'s behavior began to change. E. G. became withdrawn and began cutting herself. In October 2012, E. G.'s mother approached E. G. about her behavior, and E. G. disclosed the abuse. E. G.'s mother then contacted the police.

Investigator Michael Fugett had E. G. and her mother provide written statements. He scheduled a forensic interview of E. G. with Becky Lee at the Treehouse, a children's advocacy center. During the forensic interview, E. G. disclosed that Hamby had molested her and described the incidents she testified to at trial. At trial, Lee testified that E. G. exhibited consistency throughout her interview and that she would correct Lee about details, which illustrates a resistance to suggestibility.

The State called Alicia Chandler as an expert in forensic interviewing. Chandler testified that, based upon her review of E. G.'s forensic interview and written statements of E. G. and her mother, that she believed that Lee conducted a "sound, credible interview." Chandler also explained that a majority of sexual abuse disclosures are delayed, and that children do not remember every detail or date of abuse inflicted upon them.

Hamby testified at trial. He claimed that E. G. had never spent the night with him when he would have been alone with her. Hamby, as well as his wife and his mother, testified that E. G. was never alone with Hamby. They further testified that another man lived in Hamby's house, and that he was also present anytime that E. G. would have had the opportunity to be alone with him.

4

1. Hamby argues that there was insufficient evidence to support his conviction for aggravated sodomy because there was no evidence of force. We find no error.

Count 5 of the indictment charged Hamby with aggravated sodomy, alleging that he "did commit an act of sodomy with force and against the will of [E. G.], a child, when [he] placed his mouth on the sex organ of said child[.]" "A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a) (2). The State bears the burden of proving the element of force to support an aggravated sodomy conviction with a child victim. *Brewer v. State*, 271 Ga. 605, 606 (523 SE2d 18) (1999). However, the "quantum of evidence to prove force against a child is minimal." (Citation omitted.) *Madison v. State*, 329 Ga. App. 856, 867 (4) (766 SE2d 206) (2014). Force "may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is not legally cognizable consent but is force." (Footnote and punctuation omitted.) *Schneider v. State*, 267 Ga. App. 508, 510 (603 SE2d 663) (2004). Further, force "may be inferred by evidence of intimidation arising from a familial relationship." Id.

Although there is not testimony that Hamby held E. G. down against her will, there was testimony that Hamby was a father-figure to E. G. who exhibited a "kind of power over her." Further, E. G. testified that Hamby came to her when she was "half asleep" and undressed her before performing oral sex on her and raping her. See *Schneider*, 261 Ga. App. at 510 (1) (sufficient evidence of force to sustain an aggravated sodomy conviction when child victim testified that he saw the defendant as a father-figure and told him to stop). Hamby also intimidated E. G. into not disclosing the abuse by making her "pinky-promise" that she would not tell after each incidence of abuse. E. G. testified that she did not disclose the molestation earlier because she was afraid "what would happen if [she] did tell." This was sufficient evidence of force for the jury to find that Hamby committed aggravated sodomy. See *Boileau v. State*, 285 Ga. App. 221, 223 (1) (a) (645 SE2d 577) (2007) (evidence sufficient to convict for aggravated sodomy because defendant's act of pulling down victim's pants and underwear while she was asleep was evidence of physical force).

2. Hamby argues that the trial court should have merged his aggravated sodomy and aggravated child molestation convictions. "Whether offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) *Metcalf v. State*, 349 Ga. App. 408, 414 (2) (c) (825 SE2d 909) (2019).We find no error.

It is true that if only a single act of sodomy was proved during trial, the single act would be "necessary to prove the aggravated sodomy count of the indictment, so there [is] no remaining evidence upon which to base [a defendant's] conviction for an additional count of aggravated child molestation." *Metcalf*, 349 Ga. App. at 417-418 (2) (c) (referencing OCGA § 16-1-7 (a)).[2] However, in this case, OCGA § 16-1-7 (a) does not apply because there was evidence of two separate incidents of oral sodomy. E. G. described an incident where he shaved her pubic area and then performed oral sex upon her, and a separate incident where he found her sleeping, undressed her and performed oral sex on her before raping her. Given that there were two separate and distinct acts of sodomy, the proof of aggravated sodomy did not "us[e] up" the evidence that constituted the sodomy related to the aggravated child

---

[2] OCGA § 16-1-7 (a) provides:

When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

7

molestation charge. *Metcalf*, 349 Ga. App. at 417 (2) (c). The trial court did not err by failing to merge the two convictions.

3. Hamby argues that the trial court erred in denying his motion in limine to exclude evidence that he made E. G. participate in online sexual performances. We find no reversible error.

Although the indictment originally charged Hamby for crimes arising from the incidents that occurred in Hall County, the State nolle prossed these counts because they took place in a different venue. Hamby filed a motion in limine to exclude reference to these nolle prossed counts in the indictment. The State objected to Hamby's motion in limine and sought to introduce the incident where Hamby showed E. G.'s naked body to others using a webcam as a prior bad act or difficulty pursuant to OCGA § 24-4-404 (b). The trial court denied Hamby's motion, but issued a curative instruction on prior difficulties prior to the admission of the evidence.

Although the trial court's oral ruling does not state which code section it relies upon when denying the motion in limine, the State sought to admit the evidence under OCGA § 24-4-404 (b) ("Rule 404 (b)").[3] It is true that under Georgia's former

_____

[3] OCGA § 24-4-404 (b) ("Rule 404 (b)") provides that "[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person to show in action in conformity therewith. It may, however, be admissible for other

8

Evidence Code, this evidence would have been admissible under Rule 404 (b) because the evidence was relevant to establish Hamby's plan and preparation of the continued child molestation, Hamby's grooming of E. G., and to explain why she delayed her disclosure. See, e. g., *Pollock v. State*, 162 Ga. App. 757 (293 SE2d 38) (1982) (decided under Georgia's former Evidence Code) (In prosecution for child molestation, trial court did not err in permitting a child witness to testify to acts of defendant for which he had been acquitted in earlier trial to establish identity and motive).

However, we note that although it appears that the trial court relied upon Rule 404 (b) in admitting the contested evidence, the proper statutory authority to admit such evidence under Georgia's new Evidence Code is OCGA § 24-4-414 (a) ("Rule 414 (a)"). Under Georgia's new Evidence Code, OCGA § 24-4-413 and 24-4-414 "supersede the provisions of OCGA § 24-4-404 (b) in sexual assault and child molestation cases." (Footnote and citations omitted.) *Dixon v. State*, 341 Ga. App. 255, 261 (1) (800 SE2d 11) (2017). The trial court's apparent reliance on Rule 404 (b) in its decision to admit the evidence is not reversible error. See *McCord v. State*,

---

purposes, including, but not limited to: proof of motive, opportunity, preparation, plan, knowledge, identity or absence of mistake or accident."

305 Ga. 318, 324 (2) (a) (ii) (825 SE2d 122) (2019) (even if the trial court erred in admitting hearsay evidence as a present sense impression, such evidence was nevertheless admissible under the excited utterance exception and the trial court's decision to admit the evidence was not in error).

The contested evidence was admissible under Rule 414 (a). Under OCGA § 24-4-414 (a), "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." We review the admission of other acts evidence under Rule 414 for abuse of discretion. *King v. State*, 346 Ga. App. 362, 364 (1) (816 SE2d 390) (2018). Rule 414 creates

> a rule of inclusion, with a strong presumption in favor of admissibility, and the State can seek to admit evidence under these provisions for any relevant purpose, including propensity. Nevertheless evidence that is admissible under these rules may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. OCGA § 24-4-403 [("Rule 403")].

(Citations and punctuation omitted.) *Dixon v. State*, 350 Ga. App. 211, 213 (1) (828 SE2d 427) (2019).

The trial court must conduct a Rule 403 balancing test when considering whether evidence is admissible under Rule 414. *Jackson v. State*, 342 Ga. App. 689, 692 (805 SE2d 457) (2017). "This determination lies within the discretion of the trial court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Dixon*, supra, 350 Ga. App. at 214 (1).

Upon review, we conclude that the trial court did not abuse its discretion in admitting the testimony regarding Hamby's prior acts. The evidence was clearly relevant to Hamby's intent, identity, and propensity to commit the crimes against the victim. Further, the probative value of the evidence is great because it provides a narrative of how E. G.'s abuse began, how the grooming process began, and why E. G. delayed her disclosure. Although Hamby argues that the evidence it sought to exclude in its motion in limine was too temporally remote to be probative evidence, the remoteness of time goes to the weight and credibility of the evidence, not to its

11

admissibility. See *Henderson v. State*, 303 Ga. App. 531, 535 (2) (694 SE2d 185) (2010).

With regard to the Rule 403 balancing test, Hamby correctly notes that the trial court did not make an explicit finding regarding the balancing test in its oral ruling or in its order on the motion for new trial.[4] But, the trial court engaged in discussion with both parties regarding Rule 403 during the motion in limine hearing prior to issuing its ruling. "Although the trial court did not explicitly mention Rule 403, absent some express showing that the trial court did not understand its obligation to conduct the balancing test, we will not read such error into the trial court's ruling." *Dixon*, 350 Ga. App. at 214 (1). Accord *Hornbuckle v. State*, 300 Ga. 750, 753 (2) (797 SE2d 113) (2017) ("In the absence of any explicit ruling by the trial court[,] we cannot assume that it improperly applied the law in the manner posited by [the appellant]").

4. Hamby argues that the trial court erred in allowing the expert testimony of Alicia Chandler and Becky Lee to improperly bolster E. G.'s testimony. Because

---

[4] In its order on Hamby's amended motion for new trial, the trial court notes that it heard testimony at a hearing and "set a briefing schedule, but defense counsel later notified the [trial court] that Mr. Hamby does not wish to press the claims in the Amended Motion. Instead, he requests that the Amended Motion for New Trial be resolved so that he may proceed without delay to appeal[.]"

Hamby did not object to this testimony at the time of trial, we review it under the "plain error" standard of OCGA § 24-1-103 (d). To constitute plain error, such error "must have been clear and not open to reasonable dispute [,] . . . must have affected his substantial rights, and the error must have seriously affected the fairness, integrity or public reputation of such judicial proceedings." (Citation omitted.) *McKinney v. State*, 307 Ga. 129, 134 (2) (834 SE2d 741) (2019). We find no such error.

"In Georgia, the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness. Thus, a witness may not give an opinion as to whether the victim is telling the truth." (Citation and punctuation omitted.) *McCowan v. State*, 302 Ga. App. 555, 557 (1) (691 SE2d 360) (2010).

Hamby argues that the trial court erred in admitting the testimony of Alicia Chandler, the State's expert witness on forensic interviewing, because it impermissibly bolstered E. G.'s testimony. Specifically, he objects to Chandler's testimony that she believed that the forensic interviewer conducted a "sound, credible interview." However, in the context of the questions asked, this testimony was clearly discussing the quality of the interviewer and not the answers provided by the victim.

13

Hamby next argues that Chandler, when asked about signs of lack of coaching, description of E. G. as "honest" in her forensic interview was a commentary on E. G.'s integrity. Chandler's answer, however, was in response to a question about whether she saw signs that E. G. was coached during the interview. Chandler explained that E. G. was honest in that she would tell the interviewer if she did not know or did not recall an answer and "did not exaggerate details, which we see commonly in coaching. She was able to recall sensory things, which are often left out in coaching. . . [and] she corrects the interviewer if the interviewer doesn't say something correctly or the way she recalls it." Hamby also argues that the testimony of Becky Lee, who conducted E. G.'s forensic interview, impermissibly bolstered E. G.'s testimony when she discussed E. G.'s level of detail, consistency, and resistance to suggestibility during the interview. However, these descriptions by both witnesses were not tied to the substance of E. G.'s interview as a whole or used to describe the substance of E. G.'s allegations. See *Bowman v. State*, 332 Ga. App. 766, 771 (3) (774 SE2d 805) (2015) (expert in forensic interviewing techniques did not render an improper opinion when she stated that the child victim was "resistant to suggestibility"); *McCowan v. State*, 302 Ga. App. at 556 (1) (victim's mother and treating doctor did not express their beliefs as to the veracity of the victim when their

14

testimony was addressed to the issue of whether they saw any indications that the victim was coached).

Based on the above, we find that no plain error in the admission of the challenged testimony.

*Judgment affirmed. Reese, P. J., and Markle, J., concur.*